UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-60585-COHN/SELTZER

CHANEL, INC.,
a New York Corporation,

    Plaintiff,

v.

LIU ZHIXIAN
and DOES 1-10,

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER AND STATUS REPORT ORDER

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue [DE 6] ("Motion").  The Court has carefully considered the Motion and is otherwise advised in the premises.

Plaintiff, Chanel, Inc. ("Chanel") moves *ex parte*, pursuant to 15 U.S.C. § 1116 and Rule 65 of the Federal Rules of Civil Procedure, for entry of a Temporary Restraining Order against Defendants Liu Zhixian and Does 1-10 (collectively the "Defendants") d/b/a chanel2u.com, chanel4u.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-sandals.com, chanel-scarf.com, chanelswimwear.com, chaneltalk.com, okchanel.com, and brandshoesbar.com (the "Subject Domain Names"), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d). Plaintiff alleges that Defendants "are promoting, advertising, distributing, offering for sale and selling counterfeit and infringing Chanel branded products within this Judicial District through various fully interactive commercial Internet websites."  DE 6 at 1.

According to Plaintiff,

> Defendants have (1) deprived Chanel of its right to determine the manner in which Chanel's trademarks are presented to the public through merchandising; (2) defrauded the public into thinking Defendants' goods are valuable, authorized goods of Chanel; (3) deceived the public as to Chanel's sponsorship and/or association of Defendants' goods and the websites through which such goods are marketed and sold; and (4) wrongfully traded and capitalized on Chanel's reputation and goodwill and the commercial value of Chanel's trademarks.

Id. at 2.

Rule 65 sets forth the procedures for obtaining a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court has reviewed Plaintiff's Complaint, Application, and supporting evidentiary submissions. Plaintiff has set forth in affidavits specific facts that clearly show Defendants are marketing and selling counterfeit versions of Plaintiff's merchandise. Consequently, the Court finds that a temporary restraining order is necessary to prevent continuing, immediate and irreparable injury to Plaintiff.

Furthermore, Plaintiff's counsel has certified in writing that it has attempted to notify Defendants of this action. Plaintiff's counsel has explained in a detailed, sworn declaration the efforts he has made to identify Defendants' identities and addresses. For example, Plaintiff investigated the physical contact addresses provided for the Subject Domain Names and determined the addresses to be false or invalid. Plaintiff's

counsel, therefore, has adequately described the efforts he has made to give Defendant notice of this action and the reasons why notice should not be required.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue [DE 6] is **GRANTED IN PART** as follows:

## TEMPORARY RESTRAINING ORDER

1. Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order are temporarily restrained from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel trademarks identified in Paragraph 9 of the Complaint in this matter (the "Chanel Marks"), or any confusingly similar trademarks; from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of the following: (i) any products, not manufactured or distributed by Chanel, that bear the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks;

2. Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with

all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names.

3. Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names.

4. The top level domain (TLD) Registry for the Subject Domain Names within five (5) days of receipt of this Temporary Restraining Order will deposit control of the Subject Domain Names into the registry of the Court.  While the Subject Domain Names are in the registry of the court, the TLD registry will place them on "hold" status and remove the domains from the TLD zone files maintained by the Registry which link the domain names to the IP address where the sites are hosted.

5. Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order.

6. This Temporary Restraining Order shall take effect at 5:00 p.m. on April 21, 2010 and remain in effect until 5:00 p.m. on May 5, 2010.  Pursuant to Rule 65(b)(2), upon a showing of good cause, the Court may extend the Temporary Restraining Order for a like period.

7.	Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint.  Plaintiff shall post the bond prior to requesting the Registrars or Registry to transfer control of the Subject Domain Names to the Court registry.

**Order Denying Without Prejudice Application for Order to Show Cause Why a Preliminary Injunction Should Not Issue**

Plaintiff has moved the Court to enter an order for Defendants to show cause why a preliminary injunction should not issue.  See Motion.  The Court, however, may issue a preliminary injunction "only on notice to the adverse party."  Fed. R. Civ. P. 65(1).  Here, a review of the docket reveals that Defendants have not yet been served in this action.  Thus, it is not apparent how Defendants will be put on notice of the preliminary injunction hearing.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff will file a **STATUS REPORT** no later than May 3, 2010, indicating what efforts Plaintiff has made to serve Defendants, what further efforts Plaintiff will make to effectuate service of process on Defendants (e.g., publication in print, publication on websites, etc.),[1] why such a method of effectuating service is legally sufficient under the facts of this case, and whether Plaintiff intends to move for a preliminary injunction before the expiration of the

---

[1]	For example, in National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D. N.C. 2008), the United States District Court for the Western District of North Carolina determined in a counterfeit goods case that Plaintiff NASCAR could serve "Doe" defendants and apprise those defendants of a pending preliminary injunction hearing via publication on the NASCAR website.  Id. (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16 (1950).

Temporary Restraining Order.

It is **FURTHER ORDERED AND ADJUDGED** that Plaintiff's Application for Order to Show Cause Why a Preliminary Injunction Should Not Issue [DE 6] is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 21st day of April, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.