UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-60585-COHN/SELTZER

CHANEL, INC.,
a New York Corporation,

    Plaintiff,

v.

LIU ZHIXIAN
and DOES 1-10,

    Defendants.
_____/

## ORDER GRANTING IN PART APPLICATION FOR ALTERNATE SERVICE

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [DE 10] ("Motion"). The Court has carefully considered the Motion and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff, Chanel, Inc. ("Chanel") moves *ex parte*, for an order authorizing service of the Summons and Complaint upon Defendant Liu Zhixian d/b/a chanel2u.com, chanel4u.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-sandals.com, chanel-scarf.com, chanelswimwear.com, chaneltalk.com, okchanel.com, and brandshoesbar.com (the "Subject Domain Names"), via electronic mail ("e-mail"). Plaintiff contends that e-mail service is appropriate and necessary in this case "because Defendant Zhixian (1) operates anonymously via the Internet using false physical address information in the registrations for his Subject Domain Names in order to conceal his location and avoid liability for his unlawful conduct; and (2) relies solely on

electronic communications to operate his businesses." DE 10-1 at 2.

The Court has reviewed the attachments to the Motion, including sworn declarations from Plaintiff and its agents, and is satisfied for purposes of the instant Motion that Defendant Zhixian ("Defendant") has indeed falsified his contact information. Plaintiff's agent in China attempted to contact Defendant at the physical addresses and phone numbers that Defendant used to register the Subject Domain Names. DE 10-1 at 5 (citing Declaration of Huang Yu Ting). The addresses, however, are false, incomplete, or invalid for service of process. Id. at 6. Likewise, Plaintiff and its agents determined that Defendant's phone numbers were invalid, disconnected, or otherwise went unanswered. Id. Furthermore, Plaintiff avers that it conducted additional investigation, without success, to determine Defendant's location. Id. at 6-7.

Notwithstanding, Chanel maintains that it still has the ability to contact Defendant directly and provide him with notice of Chanel's claims against him. DE 10-1 at 7. Specifically, Plaintiff has determined that two of the contact e-mail addresses that Defendant provided to his domain name registrars are current and reliable means by which Defendant may be apprised of the pendency of this action.[1] Id. Consequently,

---

[1] In its Memorandum of Points and Authorities in Support of Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [DE 10-1] ("Memorandum of Points"), Plaintiff states as follows:

> Despite falsifying his physical contact address data, Defendant Zhixian has provided at least two accurate contact e-mail addresses to his domain name Registrars for the Subject Domain Names. Specifically, Defendant Zhixian identifies his contact e-mail addresses for the domain names chanel-belts.com and chanel2u.com as nashliu@gmail.com and bravopurchase@gmail.com , respectively. . . . The e-mails were not bounced back nor returned as "undeliverable," thereby demonstrating the

Plaintiff requests an order allowing service of process, and all subsequent pleadings and discovery, via e-mail in this case.  Id. at 2; cf. Gaffigan v. Does 1-10, Case No. 09-61206-CIV, – F. Supp. 2d –, 2010 WL 169210, at * 8, (S.D. Fla. Jan. 8, 2010) (authorizing notice via e-mail after finding that "Plaintiffs exhausted all attempts to contact and provide notice of the Show Cause hearings to Defendants.  They have attempted service at every physical address without success. They have attempted to contact Defendants by telephone without success.  They have also sent emails to Defendants at various email addresses, only to have many of those emails returned as undeliverable.").

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 4(f)(3) provides as follows: "Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served at a place not within any judicial district of the United States by other means not prohibited by international agreement, as the court orders."  The Rule's plain language therefore requires that service under Rule 4(f)(3) be (1) directed by the court; and (2) not prohibited by international agreement.  "In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country."  Rio Props., Inc. v. Rio Int'l Interlink,

---

e-mails were delivered to Defendant Zhixian and the e-mail addresses are valid and operational.

DE 10-1 at 7.  Plaintiff supports the Memorandum of Points with ample documentation.

284 F.3d 1007, 1014 (9th Cir. 2002) (citing Mayoral-Amy v. BHI Corp., 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998)).[2]

1. International Law does Not Prohibit Service via E-mail under the Facts of this Case

To determine whether international law prohibits service via e-mail against a defendant in China, the Court must examine the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T. S. 163 ("Hague Service Convention").  If the Hague Service Convention applies, the parties must first attempt to effectuate service by the means designated in the Convention.  See Fed. R. Civ. P. 4(f)(1).[3]

Article 1 of the Hague Service Convention provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known."  Hague Service Convention, art. 1.  As discussed above, Chanel has attempted to verify Defendant's addresses and has determined that each address is "false, incomplete, or invalid for service of process."  Consequently, the Hague Service

---

[2] Regardless, service by e-mail does not appear to violate Chinese law. Article 84 of the Civil Procedure Law of the People's Republic of China states that "[i]f the whereabouts of a recipient . . . is unknown . . . the document shall be served by public announcement."  Service by e-mail would not appear to conflict with this provision, and it is questionable whether service effected under Rule 4(f)(3) must always align with the methods authorized in the foreign country where service will take place.  See Rio Props., 284 F.3d at 1015 n.5 (noting that the rule prohibiting a service method that would violate the foreign state's laws applies only to service effected under Rule 4(f)(2)).

[3] Both the People's Republic of China and the United States have signed the Hague Service Convention.  See Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, available at http://hcch.e-vision.nl/index_en.php?act=conventions.status&cid=41 (last visited Apr. 28, 2010) (listing the current contracting states).

Convention does not apply. Id.; accord BP Prods. N. Am., Inc. v. Dagra, 236 F.R.D. 270, 271 (E.D. Va. 2006) ("[T]he Hague Convention does not apply when a defendant's address is unknown."); Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (same). International law, therefore, does not prohibit Plaintiff from serving Defendant via e-mail.

### 2. The Court Has Discretion to Authorize Service via E-mail

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." Chanel, Inc. v. Lin, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3) ].")); see also Rio Props., Inc., 284 F.3d at 1018 ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.").

Nonetheless, alternate methods of service must fulfill due process requirements. Chanel, Inc. v. Lin, 2009 WL 1034627, at *1 (denying motion to serve defendants via e-mail because Plaintiff had "not demonstrated that service of process by e-mail would be reasonably calculated to put the Defendant on notice that litigation was pending against him."). But see Rio Props., Inc., 284 F.3d at 1017 ("To be sure, the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond. . . . In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance.").

Constitutional due process requires only that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); see also Prewitt Enters., Inc., 353 F.3d at 921 ("A court is required to have personal jurisdiction under the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution 'as a matter of individual liberty' so that 'the maintenance of the suit ... [does] not offend 'traditional notions of fair play and substantial justice.'") (quoting Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-03 (1982)).

Under certain circumstances, courts have allowed service by e-mail and have found that it was the most likely method to reach defendants. See Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d at 1018 ("[W]hen faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., No. 08C2593, 2008 WL 5100414, at *1 (N.D. Ill. Dec. 1, 2008) (concluding that service of process via e-mail and facsimile comports with constitutional notions of due process and can be authorized under Rule 4(f)(3)); Phillip Morris USA Inc. v. Veles, Ltd., 2007 WL 725412 (S.D.N.Y. 2007) (authorizing service of process upon online stores via e-mail to commence a trademark suit where no physical addresses were posted on allegedly infringing websites and the defendant's "business appear[ed] to be conducted entirely through electronic communications"); Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (finding that service of process by e-mail was reasonably calculated to apprise defendant of the action and give it an

opportunity to respond); In re Int'l Telemedia Assoc., 245 B.R. 713, 719-20 (Bankr. N.D. Ga. 2000) (authorizing service via e-mail); see also Chanel, Inc. v. Lin, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) ("[F]ederal courts have allowed a wide array of methods of service of process under Rule 4(f)(3) because 'service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.'" (quoting Rio Props., Inc., 284 F.3d at 1015 and Forum Fin. Group, LLC v. President & Fellows, 199 F.R.D. 22, 23-24 (D. Me. 2001) (internal quotations omitted))). With these principles in mind, the Court turns to Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3).

### B. Analysis

The undersigned finds that Plaintiff has diligently pursued various means of providing notice of these proceedings to Defendant. Moreover, Plaintiff has provided sufficient notice to Defendant through the e-mails that did not bounce back. Cf. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d at 1016 (concluding plaintiff need not attempt "every permissible means of service of process before petitioning the court for alternative relief"). Additionally, the undersigned finds that the e-mails that did not bounce back presumptively reached Defendant. See id.; Gaffigan, 2010 WL 169210, at *9 (citing Popular Enters., 225 F.R.D. at 562 (finding that an e-mail sent to an e-mail address supplied by defendant to its domain name registrar did not bounce back and presumably reached defendant)). Consequently, the Court is reasonably satisfied that service upon Defendants via e-mail, under the unique facts of this case, is reasonably calculated to notify Defendants of the pendency of this action and provide him with an

opportunity to present objections. Thus, in this instance, service by e-mail satisfies due process.

Nonetheless, in an abundance of caution, the Court will require more. Specifically, in addition to authorizing service via e-mail, pursuant to Rule 4(f)(3), the Court will require Plaintiff to serve Defendant via public announcement in accordance with Article 84 of the Civil Procedure Law of the People's Republic of China.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Application for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [DE 10] is **GRANTED IN PART AND DENIED IN PART**. It is further **ORDERED AND ADJUDGED** that Plaintiff shall serve the summons, complaint, and all subsequent pleadings and discovery in this case via e-mail to the following e-mail addresses: nashliu@gmail.com and bravopurchase@gmail.com. It is further **ORDERED AND ADJUDGED** that Plaintiff, in addition to serving copies of the complaint and summons via email, shall effectuate service of process by public announcement in the jurisdiction where Defendant purportedly resides.

*[Signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record.