UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:10-cv-60585-JIC

CHANEL, INC.,
a New York corporation,

       Plaintiff,

v.

LIU ZHIXIAN
and DOES 1-10,

       Defendants.
_____/

## ORDER GRANTING IN PART *EX PARTE* RELIEF

**THIS CAUSE** is before the Court on Plaintiff's *Ex Parte* Motion To Amend Temporary Restraining Order and Renewed Order to Show Cause Why a Preliminary Injunction Should Not Issue [DE 18] ("*Ex Parte* Motion"). The Court has carefully reviewed the *Ex Parte* Motion and is otherwise advised in the premises.

Plaintiff, Chanel, Inc. ("Chanel") previously moved *ex parte*, pursuant to 15 U.S.C. § 1116 and Rule 65 of the Federal Rules of Civil Procedure, for entry of a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants Liu Zhixian and Does 1-10 (collectively the "Defendants") d/b/a chanel2u.com, chanel4u.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-sandals.com, chanel-scarf.com, chanelswimwear.com, chaneltalk.com, okchanel.com, and brandshoesbar.com (the "Subject Domain Names"), for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d). Upon review of Plaintiff's Complaint, Application, and supporting evidentiary

1

submissions, the Court found that Plaintiff has shown a likelihood of success on its claims against Defendants for federal trademark infringement and counterfeiting, false designation of origin, and cyber-piracy, and Plaintiff will suffer irreparable harm unless Defendants are enjoined.  The Court also found that entry of a temporary restraining order was necessary to prevent continuing, immediate and irreparable injury to Plaintiff.  However, because the Court can issue preliminary injunctive relief only upon notice to all parties and it was not then apparent how the Defendant would be put on notice of any preliminary injunction hearing, the Court denied, without prejudice, Plaintiff's Motion for Entry of an Order to Show Cause Why a Preliminary Injunction Should not Issue.  The Plaintiff has since demonstrated that it has both served the Defendant with the Summons and Complaint in this matter and notified the Defendant of Plaintiff's *Ex Parte* Motion To Amend Temporary Restraining Order and Renewed Order to Show Cause Why a Preliminary Injunction Should Not Issue.

Notwithstanding, the Court finds that Plaintiff's Renewed Motion for an Order to Show Cause Why a Preliminary Injunction Should Not Issue impermissibly attempts to shift the burden for obtaining a preliminary injunction to the Defendant.  Cf. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (preliminary injunction not granted unless the movant, by a clear showing, carries the burden of persuasion).  The Court, therefore, will not enter an order requiring Defendant to show cause why a preliminary injunction should not issue.  Instead, Plaintiff may file a motion for preliminary injunction.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's *Ex Parte* Application is **GRANTED IN PART AND DENIED IN PART**, according to the terms set forth below:

## AMENDED TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED** that Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order are temporarily restrained from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Chanel trademarks identified in Paragraph 9 of the Complaint in this matter (the "Chanel Marks"), or any confusingly similar trademarks; from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of the following: (i) any products, not manufactured or distributed by Chanel, bearing the Chanel Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Chanel Marks, or any confusingly similar trademarks;

**IT IS FURTHER ORDERED** that Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names.

**IT IS FURTHER ORDERED** that Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Chanel Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within web site source code, from use on any

webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under the Subject Domain Names.

**IT IS FURTHER ORDERED** that Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court.

**IT IS FURTHER ORDERED** that Go Daddy Software, Inc. ("Go Daddy"), the current domain name Registrar for the Subject Domain Names chanel2u.com, chanel4u.com, chanel-sandals.com, chaneltalk.com, and okchanel.com, within five (5) days of receipt of this Order, shall update the Domain Name System ("DNS") data it maintains for chanel2u.com, chanel4u.com, chanel-sandals.com, chaneltalk.com, and okchanel.com, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the complaint, summons and temporary restraining order and other documents on file in this action are displayed.  Alternatively, Go Daddy may institute a domain name forwarding which will automatically redirect any visitor to chanel2u.com, chanel4u.com, chanel-sandals.com, chaneltalk.com, and okchanel.com to the following Uniform Resource Locator ("URL") http://chanel-counterfeitenforcement.com/Zhixian/ whereon a copy of the complaint, summons and temporary restraining order and other documents on file in this action are displayed.  After Go Daddy has effected this change

the Subject Domain Names chanel2u.com, chanel4u.com, chanel-sandals.com, chaneltalk.com, and okchanel.com shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or the defendants.

**IT IS FURTHER ORDERED** that Name.com, LLC., the current domain name Registrar for the Subject Domain Names brandshoesbar.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-scarf.com and chanelswimwear.com, within five (5) days of receipt of this Order, shall update the Domain Name System ("DNS") data it maintains for brandshoesbar.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-scarf.com and chanelswimwear.com, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the complaint, summons and temporary restraining order and other documents on file in this action are displayed. Alternatively, Name.com, LLC may institute a domain name forwarding which will automatically redirect any visitor to brandshoesbar.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-scarf.com and chanelswimwear.com to the following Uniform Resource Locator ("URL") http://chanel-counterfeitenforcement.com/Zhixian/ whereon a copy of the complaint, summons and temporary restraining order and other documents on file in this action are displayed. After Name.com, LLC has effected this change the Subject Domain Names brandshoesbar.com, chanel-belts.com, chanelbikini.com, chanel-rings.com, chanel-scarf.com and chanelswimwear.com shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or the defendants.

**IT IS FURTHER ORDERED** that Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall take effect at 5:00 p.m. on May 5, 2010 and remain in effect until 5:00 p.m. on May 19, 2010. Pursuant to Rule 65(b)(2), upon a showing of good cause, the Court may extend the Temporary Restraining Order for a like period.

**IT IS FURTHER ORDERED** that pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff's previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint shall remain in place until further order of this Court.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 5th day of May, 2010 at 4:00 p.m.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE