UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-60585-COHN/SELTZER

CHANEL, INC.,

    Plaintiff,

v.

LIU ZHIXIAN
and DOES 1-10,

    Defendants.
_____/

## JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER having come before the Court upon Plaintiff's Motion for Entry of Final Default Judgment against Defendant Liu Zhixian, and the Court having considered the moving papers and there being no opposition thereto;

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Final Default Judgment is GRANTED, and judgment is herby entered in favor of Plaintiff, Chanel, Inc, a New York corporation, with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019, and against Defendant on all Counts of the First Amended Complaint as follows:

    (1)    Permanent Injunctive Relief:

Defendant and his respective officers, agents, servants, employees, and attorneys, and all persons acting in concert and participation with him are hereby permanently restrained and enjoined from:

        (a)    manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and

infringing goods using the Chanel Marks identified in paragraph 9 of the Complaint;

(b) using the Chanel Marks in connection with the sale of any unauthorized goods;

(c) using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the domain names identified on the attached Schedule "A" (collectively the "Subject Domain Names") and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

(d) falsely representing himself as being connected with Plaintiff, through sponsorship or association;

(e) engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale of sold via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Subject Domain Names and/or any other website or business, including, without limitation, handbags, wallets, shoes, boots, belts, scarves, swimwear, and/or jewelry;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

(h) otherwise unfairly competing with Plaintiff; and

(i) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2) Additional Equitable Relief:

(j) In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendant, his assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within ten (10) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, transfer the Subject Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

(k) Upon Plaintiff's request, the top level domain (TLD) Registry for the Subject Domain Names shall place the Subject Domain Names on Registry Hold status within thirty (30) days of receipt of this Order, thus

    removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted; and

(3) Statutory damages:

  (a) Plaintiff is awarded statutory damages against Defendant in the amount of $192,000.00 pursuant to 15 U.S.C. § 1117(c), for which let execution issue;

  (b) Plaintiff is awarded statutory damages against Defendant in the amount of $600,000.00 pursuant to 15 U.S.C. § 1117(d), for which let execution issue;

(4) Costs of Suit: Plaintiff is awarded costs against Defendant in the amount of $650.00 pursuant to 15 U.S.C. § 1117(a), for which let execution issue;

(5) Interest from the date this action was filed shall accrue at the legal rate.

IT IS SO ORDERED.

DATED: 6/30/10

_____
JAMES I. COHN
United States District Judge

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

brandshoesbar.com
chanel-belts.com
chanel-rings.com
chanel-sandals.com
chanel-scarf.com
chanel2u.com
chanel4u.com
chanelbikini.com
chanelswimwear.com
chaneltalk.com
okchanel.com
chanel-purses.com
chanelpumps.com